UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMARC GARRETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:10CV1861 CDP |
| ) | |
| DAVE DORMIRE,[1] ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

Missouri state prisoner Lamarc Garrett seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Garrett is currently serving terms of imprisonment following his guilty pleas in two separate cases. In 2007 he was sentenced to five years imprisonment following his pleas to first degree burglary and second degree burglary, and to a concurrent sentence of five months for misdemeanor stealing. In 2008 he was sentenced to a concurrent term of 6 years following his plea to first degree assault. Garrett's claims are procedurally barred, because he failed to raise them in the state courts. I will therefore deny the petition and Garrett's other motions.

---

[1] The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. See 28 U.S.C. § 2254, Rule 2(a). After filing the instant action, petitioner was transferred to Jefferson City Correctional Center ("JCCC"). Dave Dormire, the Warden at JCCC, is now the proper respondent.

## Background

Garrett's 2007 conviction arose from his commission of two burglaries on March 9, 2007. As the Missouri Court of Appeals described the facts:

> On March 9, 2007, Dan Tilden was working in his apartment when he heard the door close. He walked into the living room to find Movant sitting on the couch. Movant stated that he liked Mr. Tilden's keyboard. Mr. Tilden asked Movant to leave. Movant left and unlawfully entered a Power Plant where he appropriated a maintenance work shirt. Police later apprehended Movant and Mr. Tilden identified him.

*Exhibit E to Respondent's brief*, unreported Memorandum Opinion, No. ED 93696 (Mo. Ct. App. August 31, 2010). On August 24, 2007, Garrett pleaded guilty to burglary in the first and second degrees and misdemeanor stealing. He was sentenced the same day to five years imprisonment with the Missouri Department of Corrections on the burglary offenses and five months imprisonment on the offense of misdemeanor stealing, with all sentences to run concurrently. The judge suspended the execution of the sentence and released Garrett on supervised probation. Garrett did not appeal.

On September 5, 2008 Garrett pleaded guilty to first degree assault arising out of his assault on a corrections officer and was sentenced to six years on that charge. He acknowledged that he had struck the victim as he was being put in a jail cell and that the blow broke the jailer's jaw. He also admitted violating his

probation in the 2007 case, and the court ordered that five year sentence to be executed and served concurrently with the new six year sentence, for an aggregate term of six years. Garrett did not file a direct appeal.

On January 29, 2009, petitioner filed a pro se motion for post-conviction relief in the Circuit Court for St. Louis County, pursuant to Mo. R. Crim. P. 24.035, pertaining to both the 2007 and the 2008 criminal convictions. Counsel was appointed by the Circuit Court, and appointed counsel filed an amended motion.

In the amended motion for post-conviction relief, Garrett raised one claim related to the 2007 burglary conviction: that counsel was ineffective for failing to advise him that he had a possible defense to the charge of burglary in the first degree, regarding whether he intended to commit a crime in the apartment. The element of intent to commit a crime distinguishes burglary from the lesser-included offense of trespass, and Garrett argued that he had told counsel that he did not intend to commit a crime in the apartment, yet counsel never informed him about the possibility of going to trial on this theory. Petitioner further asserted that he would have gone to trial if he had known that this lack of intent was a possible defense.

The amended motion raised two claims relating to the 2008 assault case. First, Garrett alleged that his trial counsel was ineffective for failing to explain to him that he would have to serve 85% of the term for assault in the first degree before being eligible for parole. He stated that if plea counsel had advised him regarding the minimum term that he would have to serve before being eligible for parole, he would not have entered a plea of guilty. Second, Garrett alleged that trial counsel was ineffective for threatening him that if he went to trial, a jury would convict him and he would receive life imprisonment. Petitioner claimed that if counsel had not informed him of her belief in the likely outcome, he would not have entered a plea of guilty.

The motion for post-conviction relief was denied on August 17, 2009, and the Missouri Court of Appeals affirmed in an unreported opinion. *See Exhibit E.* The only claim raised on appeal was that trial counsel was ineffective for failing to advise petitioner that he had a possible defense of lack of intent to steal with regard to the 2007 burglary conviction. Both the post-conviction court and the Missouri Court of Appeals found that this claim was affirmatively refuted by Garrett's admission to the charge at the guilty plea. Garrett sought rehearing and/or transfer to the Missouri Supreme Court, but that motion was denied, and the Court of Appeals issued its mandate on November 1, 2010.

On October 1, 2010, Garrett filed this federal petition for writ of habeas corpus challenging the 2007 burglary conviction and the 2008 assault conviction. He alleges nine claims of ineffective assistance of trial counsel: 1) he was prevented by counsel from testifying at trial; 2) he was assured of parole at a fixed time; 3) counsel failed to interview alibi witnesses; 4) counsel never informed petitioner of an unspecified proposed plea bargain; 5) counsel failed to object to improper evidence or arguments; 6) counsel did not spend "enough" time with petitioner; 7) counsel failed to explain the range of punishment; 8) counsel failed to evaluate or present a defense based on mental disease or defect; and 9) counsel failed to do enough discovery or investigate the case sufficiently. None of the claims specify which conviction they are challenging, nor does Garrett provide any facts underlying these claims.

After he filed the petition, Garrett filed a number of other documents and motions. In his "Pro Se Motion on Appeal," he adds an allegation that the State failed to properly charge him, and I interpret this allegation as an additional claim that counsel was ineffective for failing to raise this issue. Other motions appear to seek discovery materials from the underlying cases. He asks for a speedy trial, for entry of default, and for a "Declaration Against Official Responsible for Vindictive Testimony." He filed a "Motion for Leave of Court to Stay Proceedings" which

seeks stay or dismissal until the state appeal process is completed. And he seeks appointment of counsel.

### *Motion for Appointment of Counsel*

Habeas proceedings are civil in nature, and, thus, habeas petitioners have no Sixth Amendment right to counsel. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) ("there is neither a constitutional nor statutory right to counsel in habeas proceedings"). A Court may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Except when an evidentiary hearing is held, the Court may use its discretion in deciding whether to appoint counsel. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). To determine whether appointment of counsel is warranted, the Court should examine the nature of the litigation, the litigant's ability to do research and present his claims, and the complexity of the issues. *See id.; McCall*, 114 F.3d at 756.

Although the pro se petition is not a model of clarity and some of Garrett's later filings are not at all sensible, I believe Garrett has adequately presented the issues he wishes to raise. *See Glass v. Higgins*, 959 F.2d 88, 90 (8th Cir. 1992). The petition and motions raise ten grounds for relief, as discussed above. None of these claims appear legally or factually complex. I do not believe that either the

interests of justice or due process requires the appointment of counsel, so I will deny the motion.

### *Motion for Stay and Abeyance*

I will interpret Garrett's request for "stay of proceedings or alternatively, voluntary dismissal without prejudice" as a motion for stay and abeyance.

Garrett filed this habeas petition one month before the Missouri Court of Appeals issued its mandate. But by the time he filed the motion for stay, all Missouri proceedings had been completed. He appears to be seeking the opportunity to stay this § 2254 petition so that he can return to state court to exhaust previously unexhausted claims. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Before considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988). When a petitioner's claims were not presented to the state court but are nevertheless deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Stokes v. Armontrout*, 893 F.2d 152, 155 (8th Cir.1989).

A stay and abeyance is not appropriate in this case. Garrett has not indicated specifically what unexhausted claim or claims he would present to the state courts, he has not stated why the state courts would take up any unexhausted claims at this time, and he has not shown good cause for his failure to present any claim to the state court. Garrett's time for raising any of these claims under state law has expired and there is no likelihood that the Missouri courts would entertain a motion to reopen the proceedings under these circumstances.

The Missouri courts may entertain a motion to reopen a post-conviction proceeding if the motion is filed within thirty days after entry of judgment. *See Crenshaw v. State*, 266 S.W.3d 257 (Mo. 2008) (en banc). But to prevail on such a motion, the petitioner must generally show that he was abandoned by counsel, usually found when post-conviction counsel fails to file an amended motion or does so untimely. *See also Taylor v. State*, 254 S.W.3d 856, 857-58 (Mo. 2008) (en banc). Garrett has not attempted to show that his appointed counsel abandoned him. He could not show it, of course, because that counsel did not abandon him but instead filed an amended post-conviction motion and a timely notice of appeal.

### *Procedural Bars to Relief*

A. <u>Timeliness</u>

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> \* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Garrett's time for filing a habeas petition regarding his 2007 conviction began to run when he did not appeal the original sentence, even though the execution of that sentence was suspended. Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App.1999). Garrett was sentenced on August 24, 2007. He then had ten days to file a direct appeal of his sentence, Mo. Sup. Ct. R. 30.01(d), which he chose not to do. Because he did not appeal, the limitations period under § 2254 began to run on or about September 3, 2007. Although a pending state post-conviction motion tolls the running of the statute of limitations, Garrett did not file a motion for post-conviction relief until after his probation had been revoked and the suspended sentence was executed. That filing, on January 29, 2009, was more than four months after his the time limits under 28 U.S.C. § 2244 had expired. Accordingly, Garrett's claim relating to his 2007 burglary conviction is untimely and could be dismissed for that reason alone. Additionally, as with the challenges to the 2008 conviction, the claims as to the 2007 conviction are procedurally barred because Garrett failed to raise them in his amended post-conviction motion and in the appeal of the denial of that motion.

B.  Procedural Default

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Id.* at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id.* Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. *Id.*

In Missouri, in cases where a guilty plea was entered, Rule 24.035 is the exclusive procedure by which a claim of ineffective assistance of counsel can be advanced. *See, e.g., Logan v. State*, 22 S.W.3d 783, 785 (Mo. Ct. App. 2000). Garrett did not raise any of the grounds alleged in the petition or the accompanying documents in his post-conviction proceedings. In fact, the claims raised here are entirely different from those in his amended motion for post-conviction relief and his post-conviction appeal.

Garrett's only claim presented to the Missouri Court of Appeals was the claim that counsel was ineffective for failing to tell him that lack of intent to steal was a defense to the 2007 burglary charge. But this argument, which was rejected by the appellate court, is not among the grounds he raises here. The only claim here that is remotely similar even to grounds included in the amended post-conviction motion is the claim about parole. In his amended motion for post-conviction relief, Garrett argued that trial counsel was ineffective for failing to explain to him that he would have to serve 85% of the term for assault in the first degree before being eligible for parole. Here he argues that counsel was ineffective because she promised him he would be released on parole at a certain time. As respondent correctly points out, the allegation that counsel failed to explain parole is inconsistent with the allegation that counsel promised a particular parole release date. And of course, at both pleas, Garrett said that he had not been promised anything else. More importantly, however, neither version of the parole claim was presented on appeal from the denial of post-conviction relief. When appellate review of a post-conviction motion is available, failure to include a claim made to the motion court operates as a procedural bar to consideration of such a claim by the federal courts. *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994);

*Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993). As a result, that ground, as with all of the others, is procedurally defaulted.

Garrett has not made any attempt to show cause and prejudice for the default. As a result, all of his claims are procedurally barred and petitioner cannot attain relief on those grounds.

### *Certificate of Appealability*

Garrett has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, I will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Lamarc Garrett for writ of habeas corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this petition as Lamarc Garrett v. Dave Dormire.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [#14] and his motion to stay the case, or in the alternative, to dismiss it without prejudice [#12] are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's remaining motions [## 4, 7, 16] are **DENIED**.

A Judgment in accord with this Memorandum and Order is issued this same date.

Dated this 26th day of September, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE